a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JUAN ALFARO-MARTINEZ #A097534810, Plaintiff | CIVIL DOCKET NO. 1:22-CV-00776 SEC P |
| VERSUS | JUDGE DRELL |
| SHAD M RICE, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and Amended Petition (ECF Nos. 1, 11) filed by pro se Petitioner Juan Alfaro-Martinez ("Alfaro-Martinez"). At the time of filing, Alfaro-Martinez was a detainee in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"), housed at the LaSalle ICE Processing Center ("LIPC") in Jena, Louisiana. ECF No. 21-2.

Because Alfaro-Martinez is no longer in the custody of ICE, the Petition and Amended Petition should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

I. Background

Alfaro-Martinez is a native and citizen of Honduras. ECF No. 12 at 2. He alleges that he was ordered removed on November 9, 2020. *Id.* Alfaro-Martinez asserts that he has fully cooperated with ICE's efforts to remove him, but no travel

documents have been issued for 18 months. ECF No. 1 at 4. Thus, Alfaro-Martinez alleges that his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001).

According to the Declaration of Assistant Officer in Charge Matthew Reaves, Alfaro-Martinez was involved in an assault against an officer at LIPC. On June 25th, 2022, he was turned over to the custody of the Jena Police Department for prosecution. ECF No. 21-2.

## II.   Law and Analysis

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

Because Alfaro-Martinez is no longer in ICE custody, the § 2241 Petition seeking release under *Zadvydas* is moot. *See Morales-Morales v. Barr,* 933 F.3d 456, 462 (5th Cir. 2019) ("Because Morales-Morales is no longer detained and has already been deported, her challenge to her detention is moot."); *Jubril v. DHS/ICE, 2021 WL*

*955249, at \*2 (N.D.Tex., 2021) Dien Thanh Ngo v. Johnson*, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. July 17, 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 3459817 (N.D. Tex. July 31, 2019).  If a controversy is moot, the court lacks subject matter jurisdiction.  *Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir. 1978) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971); *Locke v. Board of Public Instruction*, 499 F.2d 359, 363-364 (5th Cir. 1974)).

### III.   Conclusion

Because the Court lacks jurisdiction, IT IS RECOMMENDED that the Petition and Amended Petition (ECF Nos. 1, 11) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, September 21, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

3